# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | **Adversary Proceeding** |
| TITLEMAX HOLDINGS, LLC | ) | |
| (Chapter 11 Case Number <u>09-40805</u>) | ) | Number <u>09-4087</u> |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| | ) | |
| | ) | **FILED** |
| BARBARA MICHELLE LESTER | ) | Samuel L. Kay, Clerk |
| and LISA A. JOHNSON, on behalf | ) | United States Bankruptcy Court |
| of themselves and others similarly | ) | Savannah, Georgia |
| situated | ) | By lbarnard at 4:21 pm, May 27, 2010 |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TITLEMAX OF SOUTH | ) | |
| CAROLINA, INC. | ) | |
| | ) | |
| *Defendant* | ) | |

## ORDER REMANDING CASE

### FINDINGS OF FACT

This case originated as a civil action in the Court of Common Pleas for

Marlboro County, South Carolina, in November of 2007. The Plaintiffs, Barbara M. Lester

and Lisa A. Johnson sued "on behalf of themselves and others similarly situated" asserting

an action for monetary damages and injunctive relief and asserted their entitlement to have

℅AO 72A
(Rev. 8/82)

the case certified as a class action. *See* Complaint, Dckt. No. 1, Exh. A, ¶ 1 (December 21, 2009). In very general terms the complaint alleged that the Defendant, TitleMax of South Carolina, Inc., operated a chain of title pawn stores in the state of South Carolina. The essential allegations were that the Defendant had violated South Carolina Consumer Protection Code, S.C. Code Ann. § 37-5-108, which provides that if a loan is unconscionable or is induced by unconscionable conduct the court may strike the entire agreement or the unconscionable terms within it. Plaintiffs allege that the unconscionability is evidenced by their belief that the Defendant knew or should have known that the borrower was unable to make the scheduled loan payments, and that it had failed to ascertain the ability to repay through a loan credit check and an evaluation of the borrower's debt to income ratio. *See* Complaint, Dckt. No. 1, Exh. A, ¶¶ 50-56. The complaint also alleges that the loan contract is one-sided and contains oppressive interest rates which bear no relation to the risk taken by the Defendant (id. at ¶ 62); that the Defendant's conduct constituted a breach of the duty of good faith and fair dealing implied into every contract in South Carolina (id. at ¶ 66); and additional similar allegations. Plaintiffs demanded a jury trial on all issues.

In December of 2007, Defendant removed the case to the United States District Court for the District of South Carolina pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1446, and 1453. Plaintiffs filed a Motion to Remand in January of 2008. A hearing on Plaintiffs' motion was held in June of 2008. The magistrate judge

recommended that the case be remanded to the Marlboro[1] County Court of Common Pleas for disposition. That recommendation was accepted by the United States District Court in September of 2008. Debtor filed Chapter 11 in this court on April 20, 2009. This purported class action remained pending in the Marlboro County Court of Common Pleas until it was removed on October 20, 2009, to the United States District Court for the District of South Carolina pursuant to the removal jurisdiction found in 28 U.S.C. § 1452(a). TitleMax had raised numerous defenses to the action when the case was pending before the South Carolina trial court. Among its defenses was its contention that the contract between TitleMax and the Plaintiffs contains a mandatory arbitration clause. Whether that clause was enforceable remained undecided by the South Carolina court at the time the matter removed to the United States District Court. There has been no certification of this case as a class action and the arbitration motion has not been fully briefed and had not been taken under advisement by that court prior to transfer.

TitleMax of South Carolina filed a motion to transfer venue of the case after it was removed to the South Carolina District Court, arguing that venue was appropriate in this Court, the court in which TitleMax's Chapter 11 case is pending. The parties consented to a Motion to Transfer Venue, and an order transferring the case here was entered December 14, 2009.

---

[1] Although the magistrate court recommended the case be remanded back to the Horry County Court of Common Pleas, the district court recognized this as a typographical error and remanded the case to the Marlboro County Court of Common Pleas.

Prior to this case's transfer to this Court, Defendant filed a Motion to Compel Arbitration in state court. While those pleadings and numerous others were not transmitted here, Plaintiffs nonetheless filed with this Court a response to that Motion to Compel Arbitration. Memorandum, Case 09-4087, Dckt. No. 34 (March 24, 2010). Within that response Plaintiffs asserted that even if the underlying contract between TitleMax and the Plaintiffs was not held unconscionable, the requirement that any dispute between the parties be arbitrated was itself unconscionable and therefore unenforceable. Defendant also filed a Motion to Establish Protocol to Estimate Liability for the Plaintiffs' two lawsuits. Motion, Chapter 11 Case 09-40805, Dckt. No. 316 (October 22, 2009). Plaintiffs asserted as one of their defenses to Defendant's Motion to Establish Protocol to Estimate Liability that the issue of unconscionability of the arbitration provision is one which should be certified by the trial court to the South Carolina Supreme Court. Motion, Chapter 11 Case 09-40805, Dckt. No. 497, p. 4 (March 24, 2010). The Court has been informed that this issue has been raised in other consumer protection litigation in South Carolina and that the issue is pending before its appellate courts. However, the parties expect that that case may be settled before the appellate courts have an opportunity to rule on this specific issue.

TitleMax's Chapter 11 case has since progressed to the point that a plan was confirmed on April 12, 2010. At an earlier hearing in the Chapter 11 case on March 26, 2010, counsel for TitleMax of South Carolina and for the Plaintiffs appeared and called to this Court's attention the fact that TitleMax of South Carolina had filed a Motion for Judgment on the Pleadings in this Court on March 25, 2010. That motion has not been ruled

upon, pending the parties' efforts to settle their disputes.

At Debtor's Chapter 11 plan confirmation hearing held on April 12, 2010, Debtor's counsel informed this Court that the parties had entered into a memorandum of understanding regarding settlement of this litigation. Debtor's counsel further informed this Court that Plaintiffs' counsel agreed to the terms of the agreement, provided the plan was confirmed at the April 12, 2010, hearing. The terms, set forth in a term sheet submitted into evidence and marked as Exhibit 7, detailed numerous terms of both monetary and injunctive relief. Because the plan was confirmed on April 12, 2010, this Court presumes that the parties will consummate the settlement under their memorandum of understanding.

## CONCLUSIONS OF LAW

Having gained a better understanding of the contentions of the parties and the status of the South Carolina litigation when it was removed here, and being fully aware that Debtor's plan has been confirmed, the Court now exercises its *sua sponte* power to review this case and determine whether abstention and/or remand is appropriate. Having done so, and having fully considered applicable authorities on this issue, I conclude that this matter should be remanded to the Marlboro County Court of Common Pleas in South Carolina.

I. Court's *sua sponte* power to issue an order of abstention or remand.

To remand this case, I need statutory authority to do so. 28 U.S.C. § 1452(b)

provides that if a case is removed to a district court because the case is related to a bankruptcy case, that district court (and by referral, bankruptcy court) "may remand such claim or cause of action on any equitable ground." *See* In re Ames Dept. Stores, Inc., 2006 WL 1288586, *14 (Bankr. S.D.N.Y. 2006); In re NTL, Inc., 295 B.R. 706, 718-19 (Bankr. S.D.N.Y. 2003); In re River Center Holdings, LLC, 288 B.R. 59, 68 (Bankr. S.D.N.Y. 2003); In re Adelphia Communications Corp. 285 B.R. 127, 144 (Bankr. S.D.N.Y. 2002); In re Labrum & Doak, LLP, 1999 WL 138875, *6 (Bankr. E.D. Pa. 1999); In re 1111 Prospect Partners, L.P., 204 B.R. 222, 225 (Bankr. D. Kan. 1996); In re Micro Design, Inc., 120 B.R. 363, 366 (E.D. Pa. 1990); In re Tilley, 42 B.R. 827, 831 (Bankr. E.D. Va. 1984). Similarly, 28 U.S.C. § 1334(c)(1) states that nothing in § 1334(a)—the code section that grants bankruptcy jurisdiction to district courts—"prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." These abstention and remand provisions clearly provide authority for a bankruptcy court to send a case back to the state court system.

•

It is widely accepted that "[a] court may act *sua sponte* to remand a case on grounds of permissive abstention pursuant to Section 1334(c)(1)." Fuller v. A.W. Chesterton, Inc., 2009 WL 2855368, *2 (S.D. Ill. 2009) (citing In re Gober, 100 F.3d 1195, 1207 n. 10 (5th Cir. 1996); In re Cockings, 195 B.R. 915, 917 n. 3 (Bankr. E.D. Ark. 1996); In re Roddam, 193 B.R. 971, 975 n. 3 (Bankr. N.D. Ala. 1996); Scherer v. Carroll, 150 B.R. 549, 552 (D. Vt. 1993); In re Richmond Tank Car Co., 119 B.R. 124, 125 (S.D. Tex. 1989)).

"A court likewise can act *sua sponte* in remanding a case on equitable grounds pursuant to Section 1452(b)." Fuller, 2009 WL 2855368, at *2 (citing In re Trusty, 2007 WL 3274420, at *4 n. 17 (Bankr. E.D. Pa. 2007); In re Performance Interconnect Corp., 2007 WL 2088281, at *4 (Bankr. N.D. Tex. 2007); In re Potter, 2007 WL 1672181, at *8 n. 11 (Bankr. D.N.M. 2007); Smith v. Wal-Mart Stores, Inc., 305 F. Supp. 2d 652, 658 n. 9 (S.D. Miss. 2003); Scherer, 150 B.R. at 552; In re Ramada Inn-Paragould Gen. P'ship, 137 B.R. 31, 33 (Bankr. E.D. Ark. 1992)). I choose to address the issue of abstention and remand *sua sponte*.

II.    The merits of the issue of remand and/or abstention.

This Court ruled in Rayonier Wood Products, L.L.C. v. Scanware, Inc. and Finscan, Oy, 411 B.R. 889, 897-98 (Bankr. S.D. Ga. 2009) (Davis, J.), as follows:

> Discretionary abstention and equitable remand are "kindred statutes." Both favor "comity and the resolution of state law questions by state courts." Thus, the "factors suggesting discretionary abstention . . . and mandatory abstention . . . provide ample equitable grounds for remand of a lawsuit to state court" and vice versa. St. Vincent's Hosp. v. Norrell (In re Norrell), 198 B.R. 987, 997-98 (Bankr. N.D. Ala. 1996); *see* Hatcher v. Lloyd's of London, 204 B.R. 227, 232-33 (M.D. Ala. 1997)("[C]ourts are in agreement that the factors applicable to [discretionary abstention, mandatory abstention, and equitable remand] are relevant in determining whether the court should exercise jurisdiction."); Borne v. New Orleans Health Care, Inc., 116 B.R. 487, 494 (E.D. La. 1990) ("[T]he considerations underlying discretionary abstention and remand are the same."); Cook v. Griffin, 102 B.R. 875, 877 (N.D. Ga. 1989)("[I]t is clear that the provisions for mandatory abstention are strong factors suggesting equitable remand under § 1452(b)."); Thomasson v. AmSouth Bank, N.A., 59 B.R. 997, 1002

(N.D. Ala. 1986) (The presence of facts supporting abstention, when coupled with related considerations of comity and preference for the resolution of state law questions by state courts, implied in section 1452(b), "tips the scales of equity in favor of remand . . . ."); In re Hilsman, 351 B.R. 209, 217 (Bankr. N.D. Ala. 2006).

Therefore, "courts considering relief under these sections consider similar factors." These include: (1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. In re United Container LLC, 284 B.R. 162, 176-77 (Bankr. S.D.Fla. 2002)(citations omitted); see In re Fulton, 2000 WL 33952875, at *3 (Bankr. S.D. Ga. 2000) (Davis, J.) (factors for discretionary abstention); Rentrak Corp. v. Cady (In re Cady), 1994 WL 16001762, at *3, n. 13 (Bankr. S.D. Ga. 1994) (Walker, J.) (same); Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc., (In re Republic Reader's Serv., Inc.), 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987) (same); In re Brooks, 389 B.R. 790, 794 (Bankr. M.D. Fla. 2008) (factors for equitable remand); Hatcher, 204 B.R. at 233 (same).

Having reviewed the factors which courts consider in making a determination of

discretionary abstention or equitable remand, I find that all the compelling factors in this list point to abstention and/or remand.

Of particular importance, I highlight the provision of the Debtor's proposed plan which deals with the plan treatment of the claims held by the Plaintiffs in this case, which reads as follows:

> However a final determination of value as to the Litigation Claims is made, be it via this Court's determination pursuant to an estimation hearing, as a result of settlement, arbitration, or trial in any court of competent jurisdiction, the Debtors will pay the full amount, in Cash, of the Litigation Claims.  In recognition of this outstanding liability, the Debtors will maintain an accounting reserve equal to the estimated value of the Litigation Claims. The reserve will exist until the Litigation Claims have been settled or otherwise finally become Allowed Litigation Claims. At such time, payments will be made in Cash to Holders of Litigation Claims pursuant to the terms of any settlement or judgment in the respective litigations. Any such settlement will be subject to this Court's approval subject to Bankruptcy Rule 9019.

Taking that proposed treatment into account, I evaluate the remand/abstention factors as follows:

Factor 1.  Abstention or remand in this case will have no negative effect on administration of the bankruptcy estate.  The plan contemplates that Plaintiffs' claims are to be decided by settlement, arbitration, or a court of competent jurisdiction and will be paid in full with interest once that decision is final.  Now that the parties have come to an agreed

settlement, there is nothing else for this Court to do in terms of adjustment or administration of these claims. Plaintiffs will simply be paid the final settlement amount. There is no issue concerning the priority of this claim *vis-a-vis* other claimants and there is no issue concerning the calculation of a pro rata dividend on the claims since they are proposed to be paid in full at the negotiated amount. Based on that proffer by Debtor's counsel at confirmation, it is clearly feasible for Debtor to pay that sum without imperiling the payments to be made to other creditors. Thus, no other creditor's recovery will be delayed, hindered, impaired, or reduced by subsequent litigation either in this Court or in the forum where the case was originally filed.

Factor 2. State law issues clearly predominate here inasmuch as there is no assertion of any federal question.

Factors 3 and 4. To the extent that there is any question of unsettled law, again it is purely a matter of state law best left for the state courts to decide. There is already a pending proceeding in a non-bankruptcy court which is fully capable of making that determination. Indeed, that court is the preferable forum for the very reason that—should the parties fail to consummate their settlement—some of these issues are unsettled under South Carolina law and because the suggestion has been made that the only appropriate way to resolve that issue is by forwarding a certified question to that state's supreme court. Motion, Chapter 11 Case 09-40805, Dckt. No. 497, p. 4.

Factor 5.  This factor is not significant in this case, and therefore it does not affect my analysis.

.

Factor 6.  While the Lester claim is "related" in a broad sense to the main bankruptcy case, it has never been one of the central or key disputes or claims which was integral to the filing of the case or its resolution.  Indeed, the bankruptcy case was triggered by the maturity of Debtor's multi-million dollar line of credit with Bank of America and the parties have now come to terms on renegotiation of that credit.

Factor 7.  This factor is not significant in this case and therefore it does not affect my analysis.

Factor 8.  As indicated above, it is entirely feasible to sever this claim from the core bankruptcy matter, allowing the judgment to be entered in state court.  In fact, because the claims are to be paid in full at the agreed settlement amount, and because the terms of Debtor's confirmed plan call for direct payment of these claims once established, there is nothing left for this Court to enforce.  Although the plan provided for this Court's approval of the settlement under Rule 9019, that language presupposed that the litigation would remain in this Court.  Because I have determined that the litigation need not remain in this Court, there is no need for duplicative settlement hearings here and in state court, and that portion of the plan is inoperative.

Factor 9. This Bankruptcy Court's docket, like virtually every other bankruptcy court's docket in the country, is full and unlikely to be alleviated, given the current economic conditions in this country. Nevertheless, I am not unmindful of the sometimes overwhelming burden of civil litigation in our brother and sister courts in the state system. Because I know that state courts also have full dockets, I would not base my ruling to any significant degree on this Court's caseload. However, as already discussed, the issues here are purely matters of state law, many of which are unsettled. As such, it makes little sense for a bankruptcy court sitting in another state to attempt to address those issues. They are best left in a viable federal/state system to courts with the greatest expertise to make those decisions.

Factor 10. Because there is no evidence on this factor, it does not affect my analysis.

Factor 11. Should the parties fail to consummate the settlement, Plaintiffs arguably have a right to a jury trial and have demanded one, a remedy which can only be afforded in this Court "if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). There has been no such designation by the United States District Court to the United States Bankruptcy Court for the Southern District of Georgia.[2]

---

[2]Pursuant to a letter from then Chief District Court Judge B. Avant Edenfield to the undersigned, dated September 18, 1995, bankruptcy courts in this district have not been designated to hold jury trials.

Factor 12. This is not a material factor in this case.

Factor 13. Comity with state courts has already been addressed. It is clear that out of respect for the honored position of state courts in our system of government it is appropriate for this matter to be returned there. Indeed, because the fairness of the terms of a class settlement depend solely upon application of South Carolina law, it is self-evident that South Carolina courts should have a primary role in concluding this matter.

Factor 14. As previously discussed, no parties to the action will be prejudiced.

<u>O R D E R</u>

Accordingly, since remand and/or abstention is strongly supported by an examination of the factors outlined, I conclude this Court will abstain from hearing the case pursuant to 28 U.S.C.1334(c) and ORDER the case be remanded to the Court of Common Pleas for Marlboro County, South Carolina pursuant to 28 U.S.C. § 1452(b).

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 27th day of May, 2010.

AO 72A
(Rev. 8/82)

13